# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| BRAD SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, NATIONSTAR MORTGAGE, LLC, d/b/a MR. COOPER, and TIAA BANK, FSB,<br><br>Defendants. | CIVIL FILE NO. 0:21-cv-1034<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* (Fair Credit Reporting Act), and 12 U.S.C. § 2605(e) (Real Estate Settlement Procedures Act).

2. Defendants Equifax Information Services LLC and TransUnion LLC are consumer reporting agencies ("CRAs") as defined by 15 U.S.C. § 1681a(f). Defendants Nationstar Mortgage LLC and TIAA Bank are furnishers of consumer information.

3. As used herein, "consumer reporting agency" or "CRA" means any person that, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties, and which uses any means or facility of

interstate commerce for the purpose of preparing or furnishing consumer reports and is an entity in the business of collecting, maintaining and disseminating information regarding the credit-worthiness of individuals. CRAs specifically include, but are not limited to, Equifax, Experian, and TransUnion.

4. Each Defendant has violated 15 U.S.C. § 1681 *et seq.*, known as the Fair Credit Reporting Act (the "FCRA"). TIAA Bank is also liable for violating the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e). Plaintiff seeks to recover from Defendants actual, statutory, and punitive damages, injunctive relief, legal fees, and expenses.

## JURISDICTION and VENUE

5. This court has jurisdiction over this matter pursuant to 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

6. Venue is proper in this Court because a substantial part of the claim arose in Minnesota, all Defendants are registered as corporations with the State of Minnesota, all Defendants conduct ongoing business with Minnesota residents, all Defendants employ Minnesota residents, all Defendants have extensive contacts within Minnesota, and all Defendants "reside" in Minnesota, as that term is used in 28 U.S.C. § 1391.

## PARTIES

7. Plaintiff Brad Smith (hereinafter "Mr. Smith" or "Plaintiff") is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8. Upon information and belief, Defendant Equifax Information Services, LLC, (hereinafter "Equifax", "Defendant" or "Defendants") is a corporation incorporated under the laws of the State of Georgia authorized to do business in the State of Minnesota through its registered offices at 2345 Rice Street, Suite 230, Roseville, Minnesota, 55113.

9. Upon information and belief, Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f), and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d), to third parties.

10. Upon information and belief, Equifax disburses consumer reports to third parties under contract for monetary compensation.

11. Upon information and belief, Defendant Trans Union, LLC, (hereinafter "Trans Union", "Defendant" or "Defendants") is a corporation incorporated under the laws of the State of Pennsylvania authorized to do business in the State of Minnesota through its registered offices at 2345 Rice Street, Suite 230, Roseville, Minnesota, 55113.

12. Upon information and belief, Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f), and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d), to third parties.

13. Upon information and belief, Trans Union disburses consumer reports to third parties under contract for monetary compensation.

14. Upon information and belief, Defendant Nationstar Mortgage, LLC, d/b/a Mr. Cooper, (hereinafter "Nationstar", "Defendant", or "Defendants"), is a national

3

mortgage lender and debt collector, regularly engaged in the business of mortgage lending and debt collecting and is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

15. Upon information and belief, Defendant Nationstar is a Delaware limited liability company authorized to do business in the State of Minnesota through its registered offices at 2345 Rice Street, Suite 230, Roseville, MN 55113.

16. Upon information and belief, Defendant TIAA Bank, FSB, (hereinafter "TIAA Bank," "Defendant," or "Defendants") is a national mortgage lender and debt collector, regularly engaged in the business of mortgage lending and debt collecting and is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

17. Upon information and belief, Defendant TIAA Bank is a corporation incorporated under the laws of the State of Delaware authorized to do business in the State of Minnesota through its registered offices at 2345 Rice Street, Suite 230, Roseville, MN 55113.

**FACTUAL ALLEGATIONS**

**Plaintiff's Mortgages**

18. In October 2013, Plaintiff secured a second mortgage for his business located at N673 825th Ave., Hager City, Wisconsin. Said mortgage will hereinafter be referred to as Plaintiff's "Secondary Mortgage".

19. In February 2013, Plaintiff's Secondary Mortgage was consigned, placed, sold, assigned or otherwise transferred to Defendant Nationstar, which assigned a loan number of ****118293.

20. In September 2004, Plaintiff secured a mortgage for his home with Homeward Residential, which was consigned, placed, sold, assigned or otherwise transferred to Defendant TIAA Bank and assigned a loan number of ****436898. Said mortgage will hereinafter be referred to as Plaintiff's "TIAA Loan".

21. In February 2020, Plaintiff obtained his consumer reports and noticed that, among other things, his Secondary Mortgage account and TIAA Loan account were both reporting inaccurately.

**Equifax Failed to Remedy Its Inaccurate Credit Reporting**

22. In February 2020, Plaintiff discovered that within his Equifax consumer report, it contained his Secondary Mortgage account with Nationstar when this was a business debt and not a debt Plaintiff had personal obligations for.

23. On or about April 14, 2020, Plaintiff disputed his credit report with Equifax and requested an investigation into the accuracy of, among other things, Plaintiff's Secondary Mortgage payment history. *See* Exhibit "A" (Pl's Apr. 14, 2020 EQ Dispute Letter).

24. Plaintiff never received a response from Equifax in response to his April 14, 2020 dispute. Equifax therefore failed to properly investigate the accuracy of Plaintiff's Nationstar mortgage account.

25. Thereafter, on or about July 2, 2020, Plaintiff sent a second dispute letter to Equifax and again requested investigation into the accuracy of the Secondary Mortgage tradeline. Plaintiff also subsequently discovered that his TIAA Loan tradeline was

5

incorrectly reporting late payments, so Plaintiff also requested an investigation into those incorrectly reported late payments. *See* Exhibit "B" (Pl's July 2, 2020 EQ Dispute Letter).

26. On or about August 6, 2020, Equifax responded to Plaintiff's second dispute. With respect to the TIAA Loan, Equifax stated: "This creditor has verified to Our company that the current status is being reported correctly. The prior paying history has been updated." *See* Exhibit "C" (EQ Resp. dated Aug. 6, 2020). However, the TIAA Loan tradeline continued to incorrectly report late payments, in fact, more of them. TIAA Bank's verification of the tradeline's inaccuracies will hereinafter be referred to as the TIAA representation(s).

27. With respect to the Secondary Mortgage reporting issues, Equifax responded: "This account has been updated. The prior paying history on this account has been updated." *See id.* Equifax updated Plaintiff's account such that the Secondary Mortgage tradeline still appeared on his consumer report and inaccurately reflected late payments. Nationstar's verification of the Secondary Mortgage tradeline's inaccurately reported late payments for a business debt will hereinafter be referred to as the Nationstar representation(s).

28. In the face of Plaintiff's disputes, Equifax was required to contact Nationstar and TIAA Bank, forward notices of the disputes to the same, and conduct a lawful investigation. Equifax seemingly did none of those things.

29. Upon the Plaintiff's request for verification, addition, and/or deletion, and in accordance with its standard procedures, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially

6

or reasonably verify the problematic and inaccurate Nationstar and TIAA Bank reporting lines.

30. As a result of Equifax's conduct, Plaintiff has suffered actual damages including, but not limited to, (1) lost credit opportunities, (2) harm to credit reputation and credit score, and (3) emotional distress.

31. In the alternative to the allegation that Equifax failed to contact Nationstar and/or TIAA Bank, it is alleged that Equifax did forward some form of notice of the disputes to Nationstar and TIAA Bank, and Nationstar and TIAA Bank failed to conduct lawful investigations.

32. Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681i by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify and/or report the information.

**Trans Union Failed to Remedy Its Inaccurate Credit Reporting**

33. Plaintiff realleges and incorporates the above paragraphs as if fully set out herein.

34. In February 2020, Plaintiff also obtained his Trans Union consumer report and similarly noticed, among other discrepancies, Plaintiff discovered that within his Equifax consumer report, his Trans Union consumer report contained his Secondary Mortgage account with Nationstar when this was a business debt and not a debt Plaintiff had personal obligations for.

7

35. Specifically, Mr. Smith discovered that his Secondary Mortgage tradeline, which was a business debt, was inaccurately reporting late payments in December 2013, July 2014 and November 2014.

36. On or about April 14, 2020, Plaintiff disputed his credit report with Trans Union and requested an investigation into the accuracy of, among other things, Plaintiff's Secondary Mortgage account status. *See* Exhibit "D" (Pl's Apr. 14, 2020 TU Dispute Letter).

37. On or about May 12, 2020, Trans Union responded to Plaintiff's dispute letter. With respect to the Secondary Mortgage, Trans Union stated: "We investigated the information you disputed and updated." Exhibit "E". (TU Resp. dated May 12, 2020). Trans Union updated the tradeline to report previously unreported payments and reversed certain previously reported late payments. Trans Union's response to Plaintiff was insufficient and incorrect because his Secondary Mortgage account should not have been reporting as all due to it being a business debt.

38. Thereafter, on July 2, 2020, Plaintiff sent a second dispute letter to Trans Union requesting investigation into, among other things, 1) the continued inaccurate reporting of his Secondary Mortgage tradeline, and 2) inaccurately reported late payments on Plaintiff's TIAA loan account. Plaintiff's July 2, 2020 Trans Union dispute letter is attached hereto as Exhibit "F" and incorporated herein by reference.

39. Trans Union responded to Plaintiff's second dispute letter on or about August 6, 2020. *See* Exhibit "G" (TU Aug. 6, 2020 Resp.). With respect to the Secondary Mortgage inaccuracies, Trans Union responded that it again investigated the disputed

8

information and updated the account. *See id.* The Secondary Mortgage tradeline displayed in Trans Union's response reported an open account status until July 8, 2020, but thereafter it was closed and also incorrectly reported late payments were made on the Secondary Mortgage Tradeline. Nationstar's verification of the Secondary Mortgage tradeline's inaccurately reported late payments for a business debt will hereinafter be referred to as and among the Nationstar representation(s).

40. Trans Union failed to respond to Plaintiff's request for investigation into the inaccurately reported late payments on his TIAA loan account altogether. *See* Exhibit "G" (TU's Aug. 6, 2020 Resp.) Without question, Trans Union failed to properly investigate the accuracy of Plaintiff's TIAA loan account. TIAA Bank's verification of and/or lack of response regarding the TIAA loan account tradeline's inaccurately reported late payments will hereinafter be referred to as and among the TIAA Bank representation(s).

41. Once presented with Plaintiff's disputes, Trans Union was required to contact Nationstar and TIAA Bank, forward notices of the disputes to the same, and conduct a lawful investigation. Trans Union apparently failed in all respects of these obligations.

42. Upon the Plaintiff's request for verification, addition, and/or deletion, and in accordance with its standard procedures, Trans Union did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the problematic and inaccurate Nationstar and TIAA Bank reporting lines.

43. As a result of Trans Union's conduct, Plaintiff has suffered actual damages including, but not limited to, (1) lost credit opportunities, (2) harm to credit reputation and credit score, and (3) emotional distress.

44. In the alternative to the allegation that Trans Union failed to contact Nationstar and/or TIAA Bank, it is alleged that Trans Union did forward some form of notice of the disputes to Nationstar and TIAA Bank, and Nationstar and TIAA Bank failed to conduct lawful investigations.

45. Defendant Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify and/or report the information.

**Nationstar Made False Representations and Failed to Conduct a Reasonable Investigation Upon Receipt of Plaintiff's Disputes to TransUnion and Equifax.**

46. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

47. On or about August 4, 2020, Plaintiff received acknowledgment from Nationstar that it responded to an inquiry from Defendant Equifax on August 3, 2020.

48. On or about August 6, 2020, Plaintiff received acknowledgement from Nationstar that it responded to an inquiry from Defendant Trans Union on August 5, 2020.

49. On or about October 29, 2020, Plaintiff directly disputed his Second Mortgage with Nationstar requested an investigation into the Defendant's loan servicing obligations. *See* Exhibit "H" (Pl's October 29, 2020 QWR Letter).

50. On or about November 13, 2020, Plaintiff received acknowledgment from Nationstar that it received Plaintiff's letter on November 6, 2020.

51. On or about December 11, 2020, Plaintiff received a response from Nationstar stating that it provided correspondence to the Defendant CRAs that Plaintiff's disputed mortgage account was a business account and not an individual account. Nationstar also provided an explanation for the late payment reporting of Plaintiff's second mortgage. *See* Exhibit "I" (Nationstar's Resp. dated Dec. 11, 2020).

52. Defendant Nationstar was made aware of the incorrect information it furnished to Defendants Equifax and Trans Union, yet willfully and or negligently chose to ignore those inaccuracies, because despite Plaintiff's inquiry and request for investigation, incorrect Nationstar tradeline entries persist.

53. Nationstar, upon information and belief, willfully and or negligently ignored the inaccurate information it furnished to CRA Defendants, because despite Plaintiff's inquiry and request for investigation, incorrect Nationstar tradeline entries persist.

54. In response to Defendants Equifax and Trans Union notifying Nationstar of Plaintiff's dispute letters and allegations therein, Nationstar, instead of remedying the inaccuracies, furnished further defamatory information or knowingly failed to correct defamatory information it previously furnished.

55. Defendant Nationstar willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff' dispute(s) from one or more consumer reporting agency, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

56. As a result of said Defendant's violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to credit denials, out-of-pocket expenses, detriment to his credit rating, and emotional distress.

57. Nationstar's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages.

58. Plaintiff is further entitled to recover costs and attorney's fees from Nationstar.

### TIAA Bank Made False Representations and Failed to Conduct a Reasonable Investigation Upon Receipt of Plaintiff's Disputes to TransUnion and Equifax

59. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

60. On or about October 29, 2020, Plaintiff directly disputed his TIAA Loan with TIAA Bank and requested an investigation into the accuracies of Defendant's servicing obligations. *See* Exhibit "J" (Pl's October 29, 2020 TIAA Bank QWR Letter).

61. On or about November 13, 2020, Plaintiff received acknowledgment from TIAA Bank that it received Plaintiff's letter on November 6, 2020.

62. On or about November 27, 2020, Plaintiff received a response from TIAA Bank stating that its reporting of late payments on Plaintiff's credit reports were accurate and that it would not make further correction. *See* Exhibit "K" (TIAA Bank's Resp. dated Nov. 27, 2020).

63. Defendant TIAA Bank was, upon information and belief, made aware of the incorrect information it furnished to Defendants Equifax and Trans Union, yet willfully and or negligently chose to ignore those inaccuracies, because despite Plaintiff's inquiry and request for investigation, incorrect TIAA Bank tradeline entries persist.

64. In response to Defendants Equifax and Trans Union notifying TIAA Bank of Plaintiff's dispute letters and allegations therein, TIAA Bank, instead of remedying the inaccuracies, furnished further defamatory information or knowingly failed to correct defamatory information it previously furnished.

65. Defendant TIAA Bank willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff' dispute(s) from one or more consumer reporting agency, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

66. As a result of TIAA Bank's violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to credit denials, out-of-pocket expenses, detriment to his credit rating, and emotional distress.

67. TIAA Bank's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages.

68. Plaintiff is further entitled to recover costs and attorney's fees from Nationstar.

### FIRST CLAIM FOR RELIEF AGAINST EQUIFAX

69. The Plaintiff realleges and incorporates the above paragraphs as if fully set out herein.

70. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

71. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

72. Equifax's conduct, actions and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. 1681n. In the alternative, Equifax was negligent, entitling the Plaintiff to recover under 15 U.S.C 1681o.

73. Plaintiff is further entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

### SECOND CLAIM FOR RELIEF AGAINST EQUIFAX

74. Plaintiff realleges and incorporates the above paragraphs as if fully set out herein.

75. Equifax violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Nationstar and TIAA Bank; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

76. As a result of Equifax's conduct, action and inaction, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

77. Equifax's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

78. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## **FIRST CLAIM FOR RELIEF AGAINST TRANS UNION**

79. Plaintiff realleges and incorporates the above paragraphs as if fully set out herein.

80. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

81. As a result of Trans Union's conduct, action and inaction, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

82. Trans Union's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. 1681n. In the alternative, Trans Union was negligent, entitling the Plaintiff to recover under 15 U.S.C 1681o.

83. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## SECOND CLAIM FOR RELIEF AGAINST TRANS UNION

84. Plaintiff reallege and incorporate the above paragraphs as if fully set out herein.

85. Trans Union violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Nationstar and TIAA Bank; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files; and by relying upon verification from a source it has reason to know is unreliable.

86. As a result of Trans Union's conduct, action and inaction, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

87. Trans Union's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

88. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### FIRST CLAIM FROM RELIEF AGAINST NATIONSTAR

89. Plaintiff realleges and incorporates the above paragraphs as if fully set out herein.

90. Nationstar violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to report the Nationstar representations within Plaintiff's credit file to Defendants Equifax and Trans Union, without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the Nationstar representations; by failing to accurately respond to Defendants Equifax and Trans Union; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Nationstar representations to all consumer reporting agencies.

91. As a result of Nationstar's conduct, action and inaction, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

17

92. Nationstar's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Nationstar was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

### FIRST CLAIM FOR RELIEF AGAINST TIAA BANK

93. Plaintiff realleges and incorporates the above paragraphs as if fully set out herein.

94. TIAA Bank violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to report the TIAA Bank representations within Plaintiff's credit file to Defendants Equifax and Trans Union, without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the TIAA Bank representations; by failing to accurately respond to Defendants Equifax and Trans Union; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the TIAA Bank representations to all consumer reporting agencies.

95. As a result of TIAA Bank's conduct, action and inaction, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

96. TIAA Bank's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court

pursuant to 15 U.S.C. § 1681n. In the alternative, TIAA Bank was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## SECOND CLAIM FOR RELIEF AGAINST TIAA BANK

97. Plaintiff realleges and incorporates the above paragraphs as if fully set out herein.

98. Under RESPA section 2605(e) and the implementing regulations, a servicer must conduct a reasonable investigation of the errors identified in the borrowers' notice and make all appropriate corrections to the account.

99. TIAA Bank has negligently and/or willfully violated section 2605(e) by failing to conduct a reasonable investigation of the errors brought to its attention by Plaintiff's requests and failing to correct the accounts accordingly.

100. TIAA Bank further violated § 2605(e) by failing to credit late charges and/or penalties as required under subsection (2)(A).

101. TIAA Bank's failure to conduct a reasonable investigation and make the appropriate corrections to Plaintiff's accounts, as well as credit late fees and/or penalties, has proximately caused Plaintiff's damages.

102. TIAA Bank is therefore liable to Plaintiff for statutory and actual damages as provided in 12 U.S.C. § 2605(f).

103. Plaintiff is also entitled to recover reasonable attorneys' fees and costs expended in this proceeding from TIAA Bank as provided in 12 U.S.C. § 2605(f).

## **TRIAL BY JURY**

104. Plaintiff is entitled to and hereby demands a trial by jury for all issues so triable. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

WHEREFORE, Your Plaintiff demands judgment for compensatory and punitive damages against Defendants, jointly and severally; for his attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the court does deem just, equitable and proper.

**FIELDS LAW FIRM**

Dated: April 22, 2021.   By: */s/ Blake R. Bauer*
　　　　　　　　　　　　　　Blake R. Bauer (#0396262)
　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　9999 Wayzata Blvd.
　　　　　　　　　　　　　　Minnetonka, Minnesota 55305
　　　　　　　　　　　　　　(612)-206-3476
　　　　　　　　　　　　　　Blake@FieldsLaw.com